J-S38028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLARK HENDERSON, | |
| Appellant | No. 2945 EDA 2015 |

Appeal from the PCRA Order of August 17, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1035262-1991

BEFORE: FORD ELLIOTT, P.J.E., OLSON AND JENKINS, JJ.

MEMORANDUM BY OLSON, J.: **FILED JUNE 29, 2016**

Appellant, Clark Henderson, appeals *pro se* from the order entered August 17, 2015, dismissing his third petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546. We affirm.

This Court previously summarized the factual background of this case as follows:

> On September 15 and 16, 1990, [Appellant's co-defendant George] Russell was involved in several arguments with his cousins, Ronald Bradley and Joseph Bradley. One of the arguments culminated in a gunshot wound to Russell's foot. This series of confrontations climaxed on the morning of September 17, 1990, when [Russell, Kevin Cleveland, and Prince Hagwood] opened fire on Ronald and Joseph Bradley as they stood outside their mother's house.
>
> Several people witnessed this shooting and testified at trial that [Russell, Cleveland, and Hagwood] assembled near the Bradleys' mother's home at approximately 10:30 a.m. Aaron Hainey, who was also with [Russell, Cleveland, and Hagwood], confronted

Ronald and Joseph Bradley.  While they were talking, [Appellant] drew a weapon and began shooting.  [Russell, Cleveland, and Hagwood] then opened fire in the direction of the Bradleys; [35 to 40] shots were fired.

When the shooting concluded, [Russell, Cleveland, and Hagwood] assisted the wounded Aaron Hainey into a car and fled the scene. Ronald Bradley and Aaron Hainey died as a result of their injuries. Joseph Bradley was also wounded; he spent six weeks hospitalized in intensive care and eventually recovered.

*Commonwealth v. Russell*, 665 A.2d 1239, 1241 (Pa. Super. 1995), *appeal denied*, 675 A.2d 1246 & 679 A.2d 227 (Pa. 1996) (footnote omitted).

The relevant procedural history is as follows.  On August 17, 1993, Appellant was convicted of six offenses including, *inter alia*, first-degree murder.[1]  On July 1, 1994, the trial court sentenced him to an aggregate term of life imprisonment without the possibility of parole.  This Court affirmed the judgment of sentence and our Supreme Court denied allowance of appeal.  *Commonwealth v. Henderson*, 2655 Phila. 1994 (Pa. Super. Aug. 21, 1995) (*per curiam*) (unpublished memorandum), *appeal denied*, 675 A.2d 1244 (Pa. 1996).  Appellant filed a timely *pro se* PCRA petition, counsel was appointed and filed an amended petition, and the PCRA court denied relief.  This Court affirmed the denial of PCRA relief and our Supreme Court denied allowance of appeal.  *Commonwealth v. Henderson*, 747 A.2d 412 (Pa. Super. 1999) (*per curiam*) (unpublished memorandum), *appeal denied*, 751 A.2d 186 (Pa. 2000).  In 2012, Appellant filed a second

---

[1] 18 Pa.C.S.A. § 2502(a).

*pro se* PCRA petition. The PCRA court dismissed the petition as untimely and this Court affirmed. ***Commonwealth v. Henderson***, 105 A.3d 24, 2014 WL 10917004 (Pa. Super. 2014) (unpublished memorandum).

On May 5, 2015, Appellant filed the instant *pro se* PCRA petition, his third. On July 27, 2015, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing. ***See*** Pa.R.Crim.P. 907. On August 13, 2015, Appellant filed a response to the dismissal notice. On August 17, 2015, the PCRA court dismissed the petition and filed an opinion in support thereof. This timely appeal followed.

Appellant presents two issues for our review:

1. [Whether Appellant satisfied the newly-discovered fact exception to the PCRA's timeliness requirement?

2. Whether Appellant satisfied the governmental interference exception to the PCRA's timeliness requirement?]

***See*** Appellant's Brief at 4.

Both of Appellant's issues address whether he established an exception to the PCRA's timeliness requirement. The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013) (citation omitted). "The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our

scope of review plenary." *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant's judgment of sentence "became final on July 17, 1996, upon expiration of his time to seek direct review in the [Supreme Court of the United States] by writ of certiorari." *Henderson v. DiGuglielmo*, 138 F. App'x 463, 466 (3d Cir. 2005). Appellant's petition was filed in May 2015. Thus, the petition was patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Appellant argues that he satisfied the newly-discovered fact exception and, therefore, the PCRA court possessed jurisdiction over the merits of his petition. The newly-discovered fact exception

> has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Commonwealth. v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (internal quotation marks and citations omitted; emphasis removed).

Appellant argues that a March 2, 2015, Rolling Stone article about Detective Frank Jastrzembski constitutes a newly-discovered fact. That article asserted that Detective Jastrzembski, who was involved in the investigation of Appellant's crime, concealed evidence in an unrelated case.[2] Our Supreme Court addressed a situation similar to the case *sub judice* in *Commonwealth v. Castro*, 93 A.3d 818 (Pa. 2014). In *Castro*, the

---

[2] Although the United States District Court for the Eastern District of Pennsylvania granted habeas relief in the case discussed in the article, *Dennis v. Wetzel*, 966 F.Supp.2d 489 (E.D. Pa. 2013), a three-judge panel of the United States Court of Appeals for the Third Circuit vacated the grant of *habeas* relief. *Dennis v. Sec'y, Pennsylvania Dep't of Corr.*, 777 F.3d 642 (3d Cir. 2015). Thereafter, the Court of Appeals granted rehearing. The *en banc* court has yet to issue an opinion in the case.

petitioner relied upon a newspaper article to establish newly-discovered evidence for use in a post-sentence motion.[3]  Our Supreme Court held that while a newspaper "article [may] contain allegations that suggest [exculpatory] evidence may exist, [] allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation." *Id.* at 825.  Although magazine and newspaper "articles can alert a party to the possible existence of evidence, [] the party must do more than attach the article [to establish] the evidence that will meet the [test for newly-discovered facts. . . . A petition] must, at the very least, describe the evidence that will be presented at the hearing."  *Id.* at 837.  Thus, the Rolling Stone article is not a newly-discovered fact.

Appellant, however, argues that the Rolling Stone article led him to discover evidence concealed by the Commonwealth at the time of trial. Specifically, Appellant argues that he discovered the Commonwealth suppressed a firearm found on Raymond Bradley and a photograph of the lineup from which Yolanda Tate identified Appellant.  As to the firearm found on Raymond Bradley, trial testimony established that paramedics turned the gun over to security at Thomas Jefferson University Hospital.  N.T., 8/10/93, at 34-35.  At trial, Appellant's counsel questioned the paramedic and police officers as to the firearm's location.  N.T., 7/23/93, at 7-9; N.T., 8/10/93, at

---

[3] *Castro* has since been applied to the newly-discovered fact exception to the PCRA.  *See Commonwealth v. Brown*, 2016 WL 11783782016, *7 (Pa. Super. Mar. 24, 2016).

36, 41. They testified that hospital security never turned the firearm over to police.

Appellant failed to plead and prove that police recovered the firearm from the hospital and later concealed its existence from him. Instead, he merely argues that because Detective Jastrzembski was involved in the investigation of this case, he must have concealed the firearm from Appellant. This is mere conjecture. Appellant does not point to any evidence to suggest that police recovered the firearm. The paramedic and Detective William Wynn, the two individuals who testified at trial regarding the firearm recovered from Raymond Bradley, were never implicated in the Rolling Stone article. Thus, Appellant failed to plead and prove that the Commonwealth concealed the firearm. Accordingly, he failed to plead and prove the existence of a newly-discovered fact.

As to the lineup from which Yolanda Tate identified Appellant, Detective Wynn testified at trial that there was no photograph taken of the lineup. N.T., 8/11/93, at 15. Appellant argues that the Commonwealth's brief in **Henderson v. DiGuglielmo**, **supra**, proves that a photograph of the lineup exists. The portion of the brief cited by Appellant, however, merely states that a lineup occurred. It does not state that a photograph of the lineup exists. Appellant presents no evidence that a photograph of the lineup exists. As such, he failed to plead and prove that the Commonwealth

concealed a photograph of the lineup. Accordingly, he failed to plead and prove the existence of any newly-discovered fact.

In his second issue, Appellant asserts that he satisfied the governmental interference exception. This argument, however, is based entirely on the same alleged evidentiary concealment issues discussed above. As we have determined that Appellant failed to plead and prove that the Commonwealth concealed any evidence, we further conclude that Appellant failed to plead and prove the applicability of the governmental interference exception. As Appellant's petition was patently untimely, and he failed to plead and prove the applicability of any of the three statutory timeliness exceptions, the PCRA court properly held that it lacked jurisdiction to reach the merits of the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2016